David Chami (SBN 027585)
**PRICE LAW GROUP, APC**
1204 E. Baseline Road Suite 102
Tempe, AZ 85283
T: 800-884-6000
Fax: 866-612-5700
david@pricelawgroup.com
Attorneys for Plaintiff,
CHRISCELIA NELSON

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| CHRISCELIA NELSON<br><br>　　Plaintiff,<br><br>　　vs.<br><br>CBE GROUP; and DOES 1 to 10, inclusive,<br><br>　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)**<br><br>**Demand Does Not Exceed $10,000** |

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1.  This is an action for actual and statutory damages brought by Plaintiff, Chriscelia Nelson, an individual consumer, against Defendant, CBE Group, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## III. PARTIES

3. Plaintiff, Chriscelia Nelson, is a natural person with a permanent residence in Kayenta, Navajo County, Arizona 86033.

4. Upon information and belief the Defendant, CBE Group, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 1309 Technology Park, Cedar Falls, Iowa 50613. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are

primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated at a time or place known or which should be known to be inconvenient to the Plaintiff; and

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, communicated with the Plaintiff before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the Plaintiff's location; and

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector, that the communication was an attempt to collect a debt, nor that any information will be used for that purpose.

10. Within one (1) year preceding the date of this Complaint and during the first thirty (30) days of communicating with Plaintiff, Defendant, in connection with the collection of the alleged debt, demanded payment on the alleged debt and thereby overshadowed the Plaintiff's right to dispute the validity of the debt.

11. The natural consequences of Defendant's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

12. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

13. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

14. Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

## V. CLAIM FOR RELIEF

**(Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*)**

15. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

16. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to Plaintiff; and

(b) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating with the Plaintiff before 8 o'clock antemeridian and after 9 o'clock postmeridian, local time at the Plaintiff's location; and

(c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(e)   Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

(f)   Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in the initial communication with the Plaintiff that the Defendant is attempting to collect a dent and that any information obtained will be used for that purpose and the communication was not a formal pleading; and

(g)   Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(h)   Defendant violated *§1692g(b)* of the FDCPA by overshadowing or being inconsistent with the disclosure of the consumer's rights to dispute the debt or request the name and address of the original creditor.

17.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18.   As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Chriscelia Nelson, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, CBE Group, for the following:

A.   Declaratory judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages;

  C. Statutory damages pursuant to 15 U.S.C. § 1692k;

  D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k;

  E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

  F. For such other and further relief as the Court may deem just and proper.

## VI. DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Chriscelia Nelson, demands trial by jury in this action.

DATED: August 14, 2012

RESPECTFULLY SUBMITTED,
**PRICE LAW GROUP APC**

By: /s/ David Chami
  David Chami
  Attorney for Plaintiff